EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* WENCESLAO AQUINO JIMÉNEZ, acusado y apelante.

Núm. 5848.—*Sometido:* Mayo 8, 1936. *Resuelto:* Mayo 26, 1936.

*Buenaventura Esteves,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Wenceslao Aquino Jiménez, acusado de un delito de incendio malicioso, fué declarado culpable por un jurado y condenado a sufrir la pena de diez años de presidio con trabajos forzados.

En el recurso interpuesto alega el acusado que la corte cometió manifiesto error, en cuanto a la moción de nuevo

juicio, al resolver dicha moción sin haber hecho un previo señalamiento para discutirla y sin dar oportunidad al acusado para presentar su prueba y para oír a su abogado defensor, y al resolver dicha moción de nuevo juicio en abierta violación de lo que dispone el artículo 303, incisos 5 y 7, del Código de Enjuiciamiento Criminal.

La vista de esta causa tuvo lugar en 18 de febrero de 1935. El jurado rindió un veredicto de culpabilidad y la corte señaló el día 21 del mismo mes y año para dictar sentencia. En dicho día compareció el acusado acompañado de su abogado y solicitó se le concediera un plazo de diez días para preparar y radicar una moción de nuevo juicio. La corte concedió al acusado hasta el día 26 del mismo mes y año para radicar dicha moción. En dicha fecha 26 de febrero el abogado del acusado radicó la moción anunciada. Ese mismo día, sin estar presente el abogado del acusado, y sin que surja de los autos que la corte dictara resolución alguna sobre la moción de nuevo juicio, se dictó sentencia condenando al acusado a diez años de presidio con trabajos forzados.

Como se ve, la fecha para dictar sentencia quedó sin efecto al anunciarse la moción de nuevo juicio y concederse un plazo para su radicación. No obstante la corte procedió a dictar sentencia sin un previo señalamiento, en ausencia del abogado del acusado, y sin haberse fijado fecha para la moción de nuevo juicio basada en el descubrimiento de nuevas pruebas. Cuando se presenta una moción de esta naturaleza, el tribunal debe señalar un día para la vista de la misma, a fin de que las partes tengan la oportunidad de presentar la prueba correspondiente y de exponer sus argumentos.

De acuerdo con el artículo 303 del Código de Enjuiciamiento Criminal, al solicitarse la celebración de un nuevo juicio basado en la existencia de nuevas pruebas, el acusado deberá presentar en audiencia que se le conceda para sustentarlas, las declaraciones juradas de los testigos de quienes espera la producción de las pruebas aludidas.

Hemos leído la moción de nuevo juicio y es nuestra creencia que la corte procedió a dictar sentencia sin resolverla por calificarla de frívola. No queremos aventurarnos, sin embargo, a emitir un juicio definitivo sobre el particular, porque sin la transcripción de evidencia, que no ha sido elevada a este tribunal, no podemos apreciar la transcendencia del error atribuído a la corte sentenciadora. Entendemos que el acusado ha debido colocarnos en condiciones de resolver si se cometió o no un error fundamental en perjuicio de sus derechos. Sin embargo, como esta sentencia se dictó a espaldas de su abogado y como se han cometido también otras irregularidades, entendemos que debemos *dejar sin efecto la referida sentencia,* manteniendo en todas sus partes el veredicto del jurado, que en nada ha sido afectado, *y devolver el caso al tribunal a quo para procedimientos ulteriores no incompatibles con los términos de esta opinión.*